**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MOUNTAIN VIEW SURGICAL CENTER, a California corporation,

Plaintiff,

v.

CIGNA HEALTH CORPORATION, a Delaware corporation,

Defendants.

Case No. CV 13-08083 DDP (AGRx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

[Dkt. No. 7]

Presently before the court is Defendants Connecticut General Life Insurance Company and CIGNA Health and Life Insurance Company (collectively, "Cigna")'s Motion to Dismiss. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I. Background**

Plaintiff Mountain View Surgical Center ("Mountain View") is a multiple specialty surgery center whose patients include Cigna's insureds. (Complaint ¶¶ 17-18.) Mountain View provided medical services valued at $1,159,440.20 to forty-one particular patients insured by Cigna. (Id. ¶ 19.) Mountain View alleges that it

provided those services based on "CIGNA's promise to make payments on behalf of its insured patients and on CIGNA's prior course of dealing." (Id. ¶ 20.) Though Mountain View submitted claims for reimbursement to Cigna, Cigna did not pay the claims. (Id. ¶ 26.) Instead, Cigna accused Mountain View of engaging in fraudulent "fee-forgiveness," or improper release of patients from payment obligations in an attempt to collect from the insurer instead. (Id. ¶ 23; Opposition at 2.) Mountain View then brought this action, alleging causes of action for breach of implied contract, breach of implied covenant of good fait and fair dealing, fraud, unjust enrichment, and unfair business practices. Cigna now moves to dismiss the complaint.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked

assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## III. Discussion

### A. Breach of Implied Contract

The elements of a breach of contract claims are 1) the existence of a contract, (2) performance or excuse for nonperformance, (3) defendant's breach, and (4) damages. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011). A contract may be either express or implied. Cal. Civil Code § 1619. "A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct." Yari v. Producers Guild of Am., Inc., 161 Cal.App.4th 172, 182 (2008).

Cigna argues that Plaintiff's complaint fails to identify the essential terms of the contract. Indeed, a complaint for breach of contract must include the contract itself or plead its essential terms. Gross v. Symantec Corp., No. C 12-154 CRB, 2012 WL 3116158

at *11 (N.D. Cal. Jul. 31, 2012). The complaint, though not perfectly clear, does identify the essential terms of the alleged contract, alleging that Cigna promised to make payments on behalf of forty-one insureds to whom Mountain View provided medical services valued at $1,159,440.20. (Compl. ¶¶ 18-20.) To the extent Cigna desires further information, it can obtain it through discovery.

Plaintiff's complaint and opposition, however, do not clearly state whether the parties allegedly entered into an express or an implied contract. The Complaint alleges that Mountain View's services "were induced by CIGNA's promise to make payments . . . and on CIGNA's prior course of dealing." (Compl. ¶ 20.) This allegation refers both to an express promise and a prior course of conduct. There cannot, however, "be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time." Wal-Noon Corp. v. Hill, 45 Cal.App.3d 605, 613 (1975). "An oral contract claims is based on oral representations, while an implied contract claim is predicated on the promisor's conduct." Davoodi v. Imani, No. C 11-0260 SBA, 2011 WL 250392 at *3 (N.D. Cal. Jan. 26, 2011). The complaint alleges a causes of action only for breach of implied contract, presumably based upon "CIGNA's prior course of dealing," upon which the complaint does not elaborate. Plaintiff's opposition, however, argues only that an oral contract was formed, with no discussion of any implied contract. (Opp. at 4, 6.) Plaintiff's claim for breach of implied contract is, therefore, dismissed with leave to amend, as is Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

B. Fraud

In California, the elements of fraud are (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) plaintiff’s justifiable reliance, and (5) damages. Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996). A party alleging fraud must state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b). This must include more than just the facts necessary to identify the transaction, and should include the “who, what, when, where, and how of the misconduct charged.” Kearns v. Ford Motor Co., 567 F.3d 1120, 1124-25 (9th Cir. 2009).

Plaintiff argues that its allegations that (1) “CIGNA wrongfully accused Mountain View of engaging in a ‘fee-forgiveness’ scheme and threatening [sic] fraud review to justify nonpayment . . .” and (2) “Defendant fraudulently misrepresented that if Plaintiff rendered medical services to patients insured by Defendant and submitted valid claims for reimbursement, Defendant would reimburse Plaintiff for the value of the medical services rendered” satisfy Rule 9(b). (Compl. ¶¶ 23, 50.) These conclusory allegations highlighted by Mountain View, at best, speak to the required “what” element. The Complaint does not, however, include any allegations regarding the when, where, how, or who. Absent such particular information, Cigna cannot be expected to defend against the fraud charge. Plaintiff’s Third Cause of Action is therefore dismissed, with leave to amend.

C. Unjust Enrichment

The elements of an unjust enrichment claim are receipt of a benefit and unjust retention of that benefit at the expense of another. Peterson v. Cellco Partnership, 164 Cal.App.4th 1583,

1593 (2008). The Complaint alleges that "Plaintiff conferred a tangible economic benefic on Defendant by rendering medical services to patients insured by Defendant. . . . Defendant did not reimburse for the value of Plaintiff's services and instead was enriched in the amount of $1,159,440.20." (Compl. ¶¶ 58-59.)

In its opposition, Plaintiff argues that Cigna accepted and retained "the benefit of its duty to provide medical coverage to its insured." (Opp. at 11.) The discharge of its duty might constitute a benefit to Cigna sufficient to sustain a claim for unjust enrichment. Plaintiff's complaint, however, alleges no such duty. Instead, the Complaint refers only to some unidentified "tangible economic benefit" Cigna received when Mountain View treated Cigna insureds. Absent any explanation how provision of medical services to Cigna insureds conferred an economic benefit on Cigna itself, Plaintiff's Fourth Cause of Action for Unjust Enrichment is dismissed, with leave to amend.[1]

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. All claims are dismissed, with leave to amend. Any amended complaint shall be filed within twenty one days of the date of this order.

IT IS SO ORDERED.

Dated: December 10, 2013

DEAN D. PREGERSON
United States District Judge

---

[1] Because Plaintiff's First through Fourth causes of action are all dismissed, with leave to amend, Plaintiff's Fifth Cause of Action for Unfair Business Practices is also dismissed with leave to amend.