O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN VIEW SURGICAL CENTER, a California corporation, | Case No. CV 13-08083 DDP (AGRx) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT IN PART AND DENYING IN PART** |
| v. | |
| CIGNA HEALTH CORPORATION, a Delaware corporation, | |
| Defendant. | [Dkt. No. 14] |
| _____ | |

Presently before the court is Defendants Connecticut General Life Insurance Company and CIGNA Health and Life Insurance Company (collectively, "Cigna")'s Motion to Dismiss.  Having considered the submissions of the parties and heard oral argument, the court grants the motion in part, denies in part, and adopts the following order.

**I.    Background**

Plaintiff Mountain View Surgical Center ("Mountain View") is a multiple specialty surgery center whose patients include Cigna's insureds.  (First Amended Complaint ("FAC") ¶¶ 14-15.)  Before

1   providing medical services to Cigna insureds, Plaintiff calls Cigna

2   to confirm that the patient's insurance covers the specific

3   treatment.  (FAC ¶ 16.)  Cigna authorizes covered treatments and

4   promises to pay Mountain View for providing the medical services.

5   (Id. ¶ 17.)  Cigna authorizes treatments over the phone and/or via

6   a confirmation letter sent to Plaintiff.  (Id. ¶ 18.)

7        Mountain View provided medical services valued at

8   $1,159,440.20 to forty-one particular patients insured by Cigna.

9   (FAC ¶ 20.)  Mountain View alleges that it provided those services

10  based on "CIGNA's promise to make payments on behalf of its insured

11  patients and on CIGNA's prior course of dealing."  (Id. ¶ 21.)

12  Though Mountain View submitted claims for reimbursement to Cigna,

13  Cigna did not pay the claims.  (Id. ¶¶ 22, 27.)  Instead, Cigna

14  accused Mountain View of engaging in fraudulent "fee-forgiveness,"

15  or improper release of patients from their payment obligations.

16  (Id. ¶ 24).

17       Mountain View then brought this action.  The First Amended

18  Complaint alleges causes of action for breach of oral contract,

19  breach of implied contract, fraud, unjust enrichment, and unfair

20  business practices.  Cigna now moves to dismiss the First Amended

21  Complaint.

22  **II.  Legal Standard**

23       A complaint will survive a motion to dismiss when it contains

24  "sufficient factual matter, accepted as true, to state a claim to

25  relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

26  662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

27  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must

28  "accept as true all allegations of material fact and must construe

1   those facts in the light most favorable to the plaintiff." <u>Resnick</u>

2   <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint

3   need not include "detailed factual allegations," it must offer

4   "more than an unadorned, the-defendant-unlawfully-harmed-me

5   accusation."  <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or

6   allegations that are no more than a statement of a legal conclusion

7   "are not entitled to the assumption of truth." <u>Id.</u> at 679.  In

8   other words, a pleading that merely offers "labels and

9   conclusions," a "formulaic recitation of the elements," or "naked

10  assertions" will not be sufficient to state a claim upon which

11  relief can be granted.  <u>Id.</u> at 678 (citations and internal

12  quotation marks omitted).

13      "When there are well-pleaded factual allegations, a court should

14  assume their veracity and then determine whether they plausibly

15  give rise to an entitlement of relief." <u>Id.</u> at 679.  Plaintiffs

16  must allege "plausible grounds to infer" that their claims rise

17  "above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.

18  "Determining whether a complaint states a plausible claim for

19  relief" is a "context-specific task that requires the reviewing

20  court to draw on its judicial experience and common sense." <u>Iqbal</u>,

21  556 U.S. at 679.

22  **III. Discussion**

23      A.   Breach of Oral Contract

24      The elements of a breach of contract claim are (1) the

25  existence of a contract, (2) performance or excuse for

26  nonperformance, (3) defendant's breach, and (4) damages.  <u>Oasis</u>

27  <u>West Realty, LLC v. Goldman</u>, 51 Cal.4th 811, 821 (2011).  A claim

28  for breach of an oral contract requires the same showing.  <u>See</u>

1   <u>Rockridge Trust v. Wells Fargo, N.A.</u>, 985 F.Supp.2d 1110, 1141

2   (N.D. Cal. 2013).  A valid contract requires capable, consenting

3   parties, a lawful object, and sufficient cause or consideration.

4   <u>Janda v. Madera Community Hosp.</u>, 16 F.Supp.2d 1181, 1186 (E.D. Cal.

5   1998); Cal. Civ. Code § 1550.

6        Here, Defendant contends that the FAC does not adequately

7   allege that Cigna received consideration for its promise to pay for

8   medical treatments.  (Motion at 4.)  The California Civil Code

9   defines good consideration as "[a]ny benefit conferred, or agreed

10  to be conferred, upon the promisor, by any other person, to which

11  the promisor is not lawfully entitled, or any prejudice suffered,

12  or agreed to be suffered, by such person, other than such as he is

13  at the time of consent lawfully bound to suffer, as an inducement

14  to the promisor . . . ."  Cal. Civ. Code § 1605.  The benefit or

15  prejudice must, however, be bargained for in exchange for the

16  promise.  <u>Steiner v. Thexton</u>, 48 Cal. 4th 411, 421 (2010).  In

17  other words, "the benefit or prejudice must have induced the

18  promisor's promise."  <u>Id.</u>

19       Plaintiff responds that it has adequately alleged

20  consideration by alleging that Defendant has "an obligation to

21  reimburse Plaintiff for valuable medical services rendered to

22  patients insured by Defendant, which Defendant authorized orally

23  and promised to reimburse Plaintiff," and that "Defendant has

24  breached its obligation to reimburse Plaintiff . . . ."  (FAC ¶¶

25  33, 34.)  But in arguing that "<u>Defendant induced</u> Plaintiff to

26  provide medical services to its insured in exchange for

27  reimbursement," Plaintiff appears to suggest that <u>it</u> was the

28  promisor.  (Opposition at 6)(emphasis added).  <u>See</u> <u>Steiner</u>, 48 Cal.

1  4th at 421 ("the benefit or prejudice must have induced the

2  promisor's promise") (emphasis added).

3      The FAC also introduces some uncertainty regarding Cigna's

4  motivations by alleging that Defendant only authorized medical

5  treatments and promised to pay Plaintiff "upon determining [that]

6  the patient's insurance policy covered the specific treatment."

7  (FAC ¶ 31.)  It is therefore unclear whether, putting aside the

8  reversal of roles described above, the FAC alleges that Cigna

9  promised to pay Plaintiff because of patients' insurance policies,

10  because of some benefit to Cigna, and/or because of some detriment

11  to Mountain View.  Given this lack of clarity concerning the nature

12  of the bargain for consideration, Plaintiff's breach of oral

13  contract claim is dismissed, with leave to amend.[1]

14      B.   Breach of Implied Contract

15      A contract may be either express or implied.  Cal. Civil Code

16  § 1619.  "A cause of action for breach of implied contract has the

17  same elements as does a cause of action for breach of contract,

18  except that the promise is not expressed in words but is implied

19  from the promisor's conduct."  Yari v. Producers Guild of Am.,

20  Inc., 161 Cal.App.4th 172, 182 (2008).  There cannot, however, "be

21  a valid, express contract and an implied contract, each embracing

22  the same subject matter, existing at the same time."  Wal-Noon

23  Corp. v. Hill, 45 Cal.App.3d 605, 613 (1975).  "An oral contract

24

25      [1] As explained in this court's earlier order, while a
26  complaint for breach of contract must include the contract or plead
   the alleged contract's essential terms, the FAC, like the original
27  complaint, adequately identifies the essential terms of the alleged
   agreement: the payment of $1,159,440.20 in exchange for medical
28  services for forty-one patients.  See Gross v. Symantec Corp., No.
   C 12-154 CRB, 2012 WL 3116158 at *11 (N.D. Cal. Jul. 31, 2012).

1  claim is based on oral representations, while an implied contract

2  claim is predicated on the promisor's conduct." <u>Davoodi v. Imani</u>,

3  No. C 11-0260 SBA, 2011 WL 250392 at *3 (N.D. Cal. Jan. 26, 2011).

4      Defendant argues that it has plead breaches of an express,

5  oral contract and an implied contract as separate causes of action,

6  in the alternative.  Indeed, parties may plead inconsistent

7  allegations in the alternative. <u>Adams v. Paul</u>, 11 Cal. 4th 583,

8  593 (1995).  As plead here, however, the breach of implied contract

9  and breach of oral contract claims are not distinct.  Plaintiff's

10  cause of action for breach of oral contract includes several

11  allegations regarding oral promises, but also the allegation that

12  Plaintiff acted "in conformity with Defendant's requirements and

13  based upon prior identical transactions between the parties."  (FAC

14  ¶ 32.)  The claim also incorporates several allegations regarding

15  the parties' "long standing business relationship" and history of

16  prior dealings by reference.  (FAC ¶ 28.)  Similarly, Plaintiffs'

17  cause of action for breach of an implied contract refers not only

18  to the parties' pattern of prior conduct, but also to "the contract

19  it bargained for."  (FAC ¶ 46.)  The Second Cause of Action also

20  incorporates, by reference, numerous allegations of oral promises.

21  (FAC ¶ 37).

22      Plaintiff's First Amended Complaint does not adequately

23  distinguish the breach of express, oral contract claim from the

24  incompatible breach of implied contract claim.  The Second Cause of

25  Action is dismissed, with leave to amend.

26      C.   Fraud

27      Under California law, the elements of fraud are (1)

28  misrepresentation, (2) knowledge of falsity, (3) intent to defraud,

1   (4) plaintiff's justifiable reliance, and (5) damages.  <u>Lazar v.</u>

2   <u>Superior Court</u>, 12 Cal.4th 631, 638 (1996).  A party alleging fraud

3   must state the circumstances constituting fraud with particularity.

4   Fed. R. Civ. P. 9(b).  <u>See</u> <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d

5   1097, 1103 (9th Cir. 2003).  This must include more than just the

6   facts necessary to identify the transaction, and should include the

7   "who, what, when, where, and how of the misconduct charged."

8   <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124-25 (9th Cir. 2009).

9         The FAC alleges that Cigna authorized Mountain View to perform

10  certain medical procedures, affirmatively instructed Mountain View

11  to perform those procedures, and promised to pay Mountain View for

12  those procedures.  (FAC ¶ 49.)  The FAC further alleges that

13  Defendant never intended to reimburse Plaintiff, and that Plaintiff

14  performed the procedures in reliance upon Defendant's promises and

15  prior practice of "routinely" reimbursing Plaintiff for similar

16  medical services.  (FAC ¶¶ 52-54.)  These allegations, coupled with

17  additional detailed examples of Defendant's alleged

18  misrepresentations (FAC ¶ 51), are sufficient to enable Cigna to

19  defend against the charge, and to establish that the filing of the

20  FAC is not a mere pretext to discover unknown wrongs.  <u>See</u> <u>Kearns</u>,

21  567 F.3d at 1125 (describing purposes of Rule 9(b)).[2]

22        C.    Unjust Enrichment

23        The elements of an unjust enrichment claim are receipt of a

24  benefit and unjust retention of that benefit at the expense of

25  another.  <u>Peterson v. Cellco Partnership</u>, 164 Cal. App. 4th 1583,

26  ─────────────

27        [2] Because Plaintiff's fraud claims survives with respect to
    the thirteen specified misrepresentation, Plaintiff's unfair
28  business practices claim under California Civil Code Section 17200
    also survives.

7

1  1593 (2008).  Like the original complaint, the FAC alleges that

2  "Plaintiff conferred a tangible economic benefit on Defendant by

3  rendering medical services to patients insured by Defendant."  (FAC

4  ¶ 61.)  As explained in this court's earlier order, absent any

5  explanation how provision of medical services to Cigna insureds

6  conferred an economic benefit on Cigna itself, the claim was not

7  adequately plead.

8       Plaintiffs' amended complaint now also alleges that "Defendant

9  routinely collects premium payments by its insured in exchange for

10  the promise to pay for medical services.  Defendant received an

11  economic benefit and is unjustly enriched by collecting premium

12  payments from its insured and failing to pay Plaintiff for the

13  services provided.  In addition, Defendant accepted and retained

14  the benefit of its duty to provide medical coverage to its

15  insured."  (FAC ¶ 61).

16       These new allegations are not adequate.  The tangible economic

17  benefit described in the FAC appears to have been derived not from

18  Plaintiff, but from the non-party insureds.  It is the insureds,

19  not Plaintiff, who allegedly pay Cigna.  Given Plaintiff's

20  representation that it does not engage in "fee-forgiveness," those

21  insureds, who presumably still owe Plaintiff for medical services

22  rendered, might have some unjust enrichment claim against Cigna

23  based upon the alleged premium payments.  Plaintiff, however, does

24  not.  The unjust enrichment claim is dismissed, with prejudice.[3]

25  _____

26      [3] This court's prior Order noted that the discharge of Cigna's
    duty to its insureds *might* constitute a sufficient benefit to
27  sustain the cause of action, though no such benefit was alleged.
    The new allegation that "Defendant accepted and retained the
28  benefit of its duty" does not clearly state such a theory, which

                                              (continued...)

1 **IV.   Conclusion**

2         For the reasons stated above, Defendant's Motion to Dismiss is

3 GRANTED, in part, and DENIED, in part.  The motion is DENIED with

4 respect to Plaintiff's Third Cause of Action for Fraud.

5 Plaintiff's contract claims are dismissed, with leave to amend.

6 Plaintiff's unjust enrichment claim is dismissed with prejudice.

7 Any amended complaint shall be filed within fourteen days of the

8 date of this Order.[4]

9

10

11 IT IS SO ORDERED.

12

13

14 Dated: February 9, 2015

                                 DEAN D. PREGERSON
15                               United States District Judge

16

17

18

19

20

21

22

23

24 ────────────────────

25       [3](...continued)
   upon further consideration, does not appear to the court to be
26 viable.

27       [4] The issuance of this Order was delayed due to an oversight
   of this court and unforeseen circumstances.  Going forward, the
28 parties are encouraged to contact the court regarding any timing
   concerns, should the need arise.