O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN VIEW SURGICAL CENTER, a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CIGNA HEALTH CORPORATION, a Delaware corporation,<br><br>　　　　　　Defendant.<br>_____ | ) Case No. CV 13-08083 DDP (AGRx)<br>)<br>)<br>) **ORDER GRANTING DEFENDANT'S MOTION**<br>) **TO DISMISS SECOND AMENDED**<br>) **COMPLAINT IN PART AND DENYING IN**<br>) **PART**<br>)<br>)<br>) [Dkt. No. 21]<br>)<br>)<br>)<br>) |

　　　Presently before the Court is Defendants Connecticut General Life Insurance Company and CIGNA Health and Life Insurance Company (collectively, "Cigna")'s Motion to Dismiss Plaintiff's Second Amended Complaint. Having considered the submissions of the parties, the Court grants the motion in part, denies in part, and adopts the following order.

**I.　Background**

　　　Plaintiff Mountain View Surgical Center ("Mountain View") is a multiple specialty surgery center whose patients include Cigna's insureds. (Second Amended Complaint ("SAC") ¶¶ 14-15.) Before

providing medical services to Cigna insureds, Plaintiff calls Cigna to confirm that the patient's insurance covers the specific treatment. (SAC ¶ 18.) Cigna authorizes covered treatments and promises to pay Mountain View for providing the medical services. (Id. ¶ 19.) Cigna authorizes treatments over the phone and/or via a confirmation letter sent to Plaintiff. (Id. ¶ 22.)

Mountain View provided medical services valued at $1,159,440.20 to forty-one particular patients insured by Cigna. (Id. ¶ 24.) Mountain View alleges that it provided those services based on "CIGNA's promise to make payments on behalf of its insured patients and on CIGNA's prior course of dealing." (Id. ¶ 25.) Though Mountain View submitted claims for reimbursement to Cigna, Cigna did not pay the claims. (Id. ¶¶ 26, 31.) Instead, Cigna accused Mountain View of engaging in fraudulent "fee-forgiveness," or improper release of patients from their payment obligations. (Id. ¶ 29).

The First Amended Complaint ("FAC") alleged causes of action for breach of oral contract, breach of implied contract, fraud, unjust enrichment, and unfair business practices. (Dkt. No. 12.) Cigna then brought its first motion to dismiss. (Dkt. No. 14.) The Court denied the motion with respect to certain fraud and unfair business practices claims, granted the motion with prejudice on the claim of unjust enrichment, and granted the motion with leave to amend on the contract claims. (Dkt. No. 19.)

Mountain View filed a Second Amended Complaint, amending its claims for breach of oral contract and breach of implied contract, and maintaining its claims of fraud and unfair business practices. (Dkt. No. 20.) Cigna now moves to dismiss the Second Amended

2

Complaint's claims of breach of implied contract, fraud, and unfair business practices. (Dkt. No. 21.)

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing

3

court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    **A.   Breach of Implied Contract**

A contract may be either express or implied. Cal. Civ. Code § 1619. "A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct." Yari v. Producers Guild of Am., Inc., 161 Cal.App.4th 172, 182 (2008). There cannot, however, "be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time." Wal-Noon Corp. v. Hill, 45 Cal.App.3d 605, 613 (1975). "An oral contract claim is based on oral representations, while an implied contract claim is predicated on the promisor's conduct." Davoodi v. Imani, No. C 11-0260 SBA, 2011 WL 250392 at *3 (N.D. Cal. Jan. 26, 2011). Plaintiff argues that it has pleaded breaches of an express, oral contract and an implied contract as separate causes of action, in the alternative. Indeed, parties may plead inconsistent allegations in the alternative. Adams v. Paul, 11 Cal. 4th 583, 593 (1995).

As in the FAC, however, Plaintiff has not sufficiently alleged a distinct claim for a breach of implied contract. Plaintiff's SAC alleges that it acted "in conformity with Defendant's requirements and based upon prior identical transactions between the parties." (FAC ¶ 32; SAC ¶ 36.) The SAC reiterates several allegations regarding the parties' "long standing business relationship" and history of prior dealings by reference. (FAC ¶ 28; SAC ¶ 32.)

4

But, like the FAC, the SAC continues to refer not only to the parties' pattern of prior conduct, but also to "the contract [Plaintiff] bargained for" (FAC ¶ 46; SAC ¶ 50), and incorporates by reference numerous allegations of oral promises. (FAC ¶ 37; SAC ¶ 41.) Indeed, some of Plaintiff's attempts to amend the implied contract claim add to the confusion. Plaintiff now alleges that it provides medical services to patients insured by Defendant "after verifying the patient's insurance benefits with Defendant's representatives and obtaining authorization to provide the services." (SAC ¶ 42.) This statement, although alleged as part of Plaintiff's implied contract claim, is essentially a reiteration of Plaintiff's claim for breach of oral contract. (SAC ¶¶ 34-36.)

Plaintiff's SAC does not adequately distinguish the breach of express, oral contract claim from the incompatible breach of implied contract claim. The claim is dismissed with prejudice.

**B.   Fraud**

Under California law, the elements of fraud are (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) plaintiff's justifiable reliance, and (5) damages. <u>Lazar v. Superior Court</u>, 12 Cal.4th 631, 638 (1996). A party alleging fraud must state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b). See <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003). This must include more than just the facts necessary to identify the transaction, and should include the "who, what, when, where, and how of the misconduct charged." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124-25 (9th Cir. 2009).

This Court's prior Order found that Plaintiff's claim of fraud survived with respect to thirteen specified misrepresentations.

(Dkt. No. 19 at 7 n. 2.) Both the FAC and SAC alleged that Cigna authorized Mountain View to perform certain procedures, affirmatively instructed Mountain View to perform those procedures, and promised to pay Mountain View for those procedures. (FAC ¶ 49; SAC ¶ 53.) Both the FAC and SAC further allege that Defendant never intended to reimburse Plaintiff, and that Plaintiff performed the procedures in reliance upon Defendant's promises and prior practice of "routinely" reimbursing Plaintiff for similar medical services. (FAC ¶¶ 52-54; SAC ¶¶ 56-58.) These allegations, coupled with additional detailed examples of Defendant's alleged misrepresentations (FAC ¶ 51; SAC ¶ 55) are sufficient to enable Cigna to defend against the charge.

Alhough Plaintiff alleges forty-one cases (SAC ¶ 24), the twenty-eight unspecified misrepresentations are not pleaded with particularity. As stated in the prior Order (Dkt. No. 19), however, the thirteen specified misrepresentations are sufficient to maintain the claim of fraud.[1]

///
///
///

---

[1] Plaintiff's unfair business practices claim under California Civil Code Section 17200 again survives with respect to the thirteen specified misrepresentations.

6

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED, in part, and DENIED, in part. The motion is DENIED with respect to Plaintiff's Third Cause of Action for Fraud and Fourth Cause of Action for Unfair Business Practices. Plaintiff's Second Cause of Action for Breach of Implied Contract is dismissed with prejudice.

IT IS SO ORDERED.

Dated: September 17, 2015

DEAN D. PREGERSON
United States District Judge